FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 03, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH E. HENSZ, a single person,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SPOKANE; SPOKANE POLICE DEPARTMENT; CHIEF OF POLICE CRAIG N. MEIDL; OFFICER MICHAEL D. ROBERGE; AND OFFICER AMY K. WOODYARD ,<br><br>Defendants. | No.   2:18-cv-00006-SMJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

On November 8, 2014, plaintiff Joseph Hensz was involved in a series of high-speed pursuits with police that ended in a collision with Spokane Police Officer Michael Roberge's patrol vehicle. Immediately after the collision, Officer Roberge ran to Hensz's driver's-side window and ordered Hensz to get out of the vehicle. According to Officer Roberge, Hensz put the vehicle in gear and started to accelerate towards Officer Roberge. Officer Roberge filed several shots towards the vehicle, one of which struck Hensz, seriously injuring him.

On August 17, 2017, Hensz presented a claim for damages to the City of Spokane, consistent with Wash. Rev. Code (RCW) § 4.96.020, which requires a

ORDER - 1

plaintiff to present a claim for damages to a local government entity and wait sixty days before commencing an action against a local government entity in court. The statute further provides that "the applicable period of limitations within which an action must be commenced shall be tolled during the sixty calendar day period." RCW 4.96.020(4). On January 17, 2018, Hensz commenced this action, alleging state tort and constitutional claims and federal claims pursuant to 42 U.S.C. § 1983. ECF No. 4.

Spokane now moves for summary judgment, arguing that all of Hensz's federal claims are time barred because RCW 4.96.020 does not toll the statute of limitations applicable to § 1983 claims. Hensz argues that RCW 4.96.020's tolling provision applies to all of his claims. ECF No. 20.

RCW 4.96.020 did not toll Hensz's time for filing claims under § 1983. Because § 1983 does not specify a period of limitations, "federal courts will apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). Accordingly, Washington's "catch-all three-year limitations period 'for any other injury to the person or rights of another' contained in RCW 4.16.080(2)" and "related tolling provisions" apply to Hensz's claims. *Boston v. Kitsap Cty.*, 852 F.3d 1182, 1185 (9th Cir. 2017) (quoting *Rose*, 654 F.2d at 547, then citing *Hardin v. Straub*, 490 U.S. 536, 539 (1998)). However, "state notice of claim provisions are inapplicable

to § 1983 actions." *Id.* And the Ninth Circuit recently held in *Boston v. Kitsap County* that RCW 4.96.020(4) is not a true tolling provision, but instead is a "special statute of limitation," and "it does not operate to toll the state's general residual limitations period applicable to § 1983 actions. *Id.* at 1189.

Because RCW 4.96.020(4) did not toll the applicable limitations period, Hensz was required to file his § 1983 claims by November 8, 2017. *See* RCW 4.16.080(2). Because he did not do so, his § 1983 claims are time barred and must be dismissed. Because only state law claims remain, the Court finds that the Washington courts are better equipped to resolve any legal issues relating to those claims. The Court therefore declines to exercise supplemental jurisdiction over Hensz's remaining claims. *See* 28 U.S.C. § 1367.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.
2. Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 are **DISMISSED** with prejudice.
3. Plaintiff's state law claims are **DISMISSED** without prejudice.
4. All pending motions are **DENIED AS MOOT.**
5. All hearings and other deadlines are **STRICKEN.**

**6.** The Clerk's Office is directed to **ENTER JUDGMENT** in favor of Defendants and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 3rd day of July 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER **-** 4